IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHRIS JAZAIRI,                          )
                    Plaintiff.          )
VS.                                     )          CIVIL ACTION
                                        )          FILE NO.: CV-04-404-091
ROYAL OAKS APARTMENT                    )
ASSOCIATES, L.P., Its Parent Company    )
And Subsidiaries, And                   )
MITCHELL L. MORGAN                      )
MANAGEMENT, INC.                        )
                    Defendants,         )


**REPLY BRIEF IN REPLY TO PLAINTIFF'S
FIRST MOTION IN LIMINE
RE: DR. HARBISON**


## I.    THE MOTION IN LIMINE IS TIMELY

Defendant's timeliness argument is puzzling. Plaintiff has filed a motion in limine to limit

evidence at trial. Plaintiff has not filed a dispositive civil motion. The evidence that is the subject

of the motion is the testimony of Dr. Harbison.   Motions in limine are common practice prior to

trial.  Motions in limine are expressly excluded from the civil motions which are required by

February 15th.   The motion is limine is not subject to the scheduling order's deadline of February

15th.  Plaintiff's motion was filed well in advance of trial.

Defendant has filed a motion to exclude the testimony of certain of Plaintiff's witnesses.

However, Defendant's dispositive civil motion for summary judgment depended on the exclusion

of evidence in order to sustain the motion. Therefore, Defendant chose to file the evidentiary motion

at the same time as it filed its dispositive civil motion.

## II.  HARBISON'S  TESTIMONY DOES NOT FIT

The fact remains that Dr. Harbison is not a medical doctor and does not diagnose or treat allergic illness.  Dr. Harbison does not perform differential diagnoses.  The association of air borne mold exposure to Plaintiff's alleged  illness of hypersensitivity pneumonitis is well recognized in medical science.   Dr. Harbison does not dispute this association.

Additionally, Dr. Harbison has not addressed the issue of allergy.   Defendant has not attempted to show how or why a dose response relationship is relevant to allergy.  As Dr. Johanning has testified and as shown with scientific consensus reports, the dose response relationship does not apply to allergic reactions.  That is because allergy is a very  individualized reaction while toxic reactions are more standard across the population.

Furthermore, the mold studies cited as support of Dr. Harbison's expertise, do not pertain to the molds at issue.  Rubratoxin was not found in the apartment and is not relevant to this lawsuit.  The Rubratoxin articles cited on page 8 of Defendant's brief do not appear to pertain to allergic reactions or to inhalation exposure.  The only general mold induced injury articles that are mentioned on page 9 of Defendant's brief were  published in legal periodicals.  The articles would not have been peer reviewed by any scientific panel.  The articles were likely reviewed by insurance attorneys.  The publication of Harbison's two mold articles in legal periodicals corroborates Dr. Harbison's popularity as a professional expert witness.

In contrast, Dr. Johanning has published numerous articles in peer reviewed medical and scientific journals on the effects of molds, including molds that are involved in the case *sub judice*.  Dr. Johanning has a medical degree and actually treats patients with allergic conditions, including hypersensitivity pneumonitis.

### III.    HARBISON'S VAGUE STATEMENT OF TRAINING REGARDING MOLDS IS INADEQUATE

Dr. Harbison seeks for the court to accept him as an expert because he says that he is an expert. Dr. Harbison does not describe any specific facts for his experience in analysis of mold exposure indoor environments. He simply states that he has "extensive training and experience ." Harbison Aff. at p. 8.

Harbison's conclusory statement does not describe any experience he has in the evaluation of molds in an indoor environment. His affidavit does refer to his experience and articles concerning the exposure of auto mechanics to asbestos, but such exposure is irrelevant to this case.

In contrast, Mr. Ken Warren performs mold analysis of indoor environments as a part of his usual and regular job duties. He testified on the methods and guidelines commonly used an accepted in his field in the analysis of indoor mold exposure. Harbison has failed to even recognize the guidelines promulgated by the EPA or New York City.


### Conclusion


Dr. Harbison's expertise does not pertain to the molds at issue in this case. Furthermore, Dr. Harbison's opinion on dose response relationships does not pertain to this case. Dr. Harbison's opinions' do not fit into the facts of this case.

-3-

THIS, the 27 day of _____, 2005.

_____
EUGENE C. BROOKS, IV
Georgia Bar No. 08-4750

Brooks Law Firm
313 West York Street
P.O. Box 9545
Savannah, GA  31412
912/233-9696

G:\USERS\Active\Personal Injury\JAZAIRI, CHRIS\Reply Brief - Mot in Limine - Harbison.wpd

CERTIFICATE OF SERVICE

This will certify that the undersigned today placed the attached discovery in the

United States Mail to all counsel of record as follows:

Attorneys for Mitchell Management d/b/a Royal Oaks

Andrew M. Thompson, Esq.
Stephen E. O'Day, Esq.
Smith, Gambrell & Russell, LLP
Suite 3100, Promenade II
1230 Peachtree St., N.E.
Atlanta GA 30309

This _77_ day of _____, 2005.

_____
EUGENE C. BROOKS, IV
Attorney for Plaintiff
State Bar No: 084750

BROOKS LAW FIRM
313 W. York Street
P.O. Box 9545
Savannah, GA 31412
912/233-9696